HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATTY M FIRTH,

        Plaintiff,

v.

QUALITY LOAN SERVICE CORP. OF WASHINGTON, et al.

        Defendants.

CASE NO. C15-5032 RBL

ORDER

THIS MATTER is before the Court on Plaintiff Firth's Motion for leave to *proceed in forma pauperis*. [Dkt. #]  Firth has established that she is indigent.

Firth broadly claims that she is the victim of a wrongful foreclosure.  The gist of her complaint appears to be that some of the documents involved in her loan (or foreclosure) were not originals.  She makes the remarkable and unsupportable claim that "under the Federal Rules of Evidence, duplicates and photocopies brought in as evidence are considered to be forgeries." [Dkt. #1]  She cites New York state law as support for her hard-to-understand claims, and argues that under it, the Defendants do not have standing to foreclose (because they do not have a perfected security interest under the UCC, because, apparently, the loan documents were fraudulent and illegal).  She also claims that her mortgage was fraudulent because it was not

ORDER - 1

disclosed to her that her mortgage might be sold.  It is not clear whether a foreclosure has already taken place.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Firth's complaint does not meet this standard.  First, she has not shown that this Court has jurisdiction over her claims or the Defendants.  The claim that the property is located in Pierce County is not sufficient. The application of New York law does not appear to be correct, and it

1  does not confer jurisdiction, either. Firth's claim that she did not know that her mortgage could
2  be sold—a standard feature of virtually every mortgage or deed of trust this Court has seen—
3  similarly fails to state a plausible, non-frivolous claim for relief.  Additionally, the complaint
4  does not identify the "who what when where and why" of her factual allegations: which
5  defendant did what wrongful, actionable thing?  What is the basis for the relief sought?

6        For these reasons, the Motion for Leave to Proceed *in forma pauperis* is DENIED.  **Firth**
7  **shall pay the filing fee, or submit a proposed Amended Complaint addressing these**
8  **deficiencies within 21 days, or the case will be DISMISSED without further notice.**
9        IT IS SO ORDERED.
10       Dated this 26th day of February, 2015.

                                          RONALD B. LEIGHTON
                                          UNITED STATES DISTRICT JUDGE